**IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF MISSISSIPPI**
**(Jackson)**

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
|        Plaintiff, | ) |
| v. | ) Civil Action No. 03-CV-1266 |
| | ) |
| FERGUSON HARBOR SERVICE, INC.; | ) |
| FLOWSERVE CORPORATION; | ) |
| SUPERIOR BOATWORKS, INC.; and | ) |
| MARITIME OIL RECOVERY, INC. | ) |
| | ) |
|        Defendants. | ) |
| _____ | ) |


**<u>FINAL JUDGMENT OF</u>**

**<u>CONSENT DECREE WITH FLOWSERVE CORPORATION</u>**

# I.  BACKGROUND

A.  On or about November 13, 2003, the United States of America ("United States"), on behalf of the Administrator of the United States Environmental Protection Agency ("EPA"), filed a complaint in this matter pursuant to Section 107 of the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, 42 U.S.C. § 9607, as amended ("CERCLA"), seeking reimbursement of response costs incurred or to be incurred for response actions taken at or in connection with the release or threatened release of hazardous substances at the Industrial Pollution Control Superfund Site ("Site") located in Jackson, Hinds County, Mississippi.  As mentioned in the complaint, EPA undertook a time critical removal action at the Site, including sampling, wastewater treatment, underground storage tank removal, and contaminated waste oil and waste oil sludge removal.  EPA has assigned a "No Further Remedial Action Planned" status to the Site.  The complaint seeks to recover EPA's response costs incurred in connection with the Site.

B.  The defendant that has entered into this Consent Decree ("Settling Defendant") does not admit any liability to Plaintiff arising out of the transactions or occurrences alleged in the complaint.

C.  The United States and Settling Defendant agree, and this Court by entering this Consent Decree finds, that this Consent Decree has been negotiated by the Parties in good faith, that settlement of this matter will avoid prolonged and complicated litigation between the Parties, and that this Consent Decree is fair, reasonable, and in the public interest.

THEREFORE, with the consent of the Parties to this Decree, it is ORDERED, ADJUDGED, AND DECREED:

## II. <u>JURISDICTION</u>

1.  This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1345 and 42 U.S.C. §§ 9607 and 9613(b) and also has personal jurisdiction over Settling Defendant.  Solely for the purposes of this Consent Decree and the underlying complaint, Settling Defendant waives all objections and defenses that it may have to jurisdiction of the Court or to venue in this District.  Settling Defendant shall not challenge the terms of this Consent Decree or this Court's jurisdiction to enter and enforce this Consent Decree.

## III. <u>PARTIES BOUND</u>

2.  This Consent Decree is binding upon the United States, and upon Settling Defendant and its successors and assigns.  Any change in ownership or corporate or other legal status, including but not limited to, any transfer of assets or real or personal property, shall in no way alter the status or responsibilities of Settling Defendant under this Consent Decree.

## IV. <u>DEFINITIONS</u>

3.  Unless otherwise expressly provided herein, terms used in this Consent Decree that are defined in CERCLA or in regulations promulgated under CERCLA shall have the meanings assigned to them in CERCLA or in such regulations.  Whenever terms listed below are used in this Consent Decree or in any appendix attached hereto, the following definitions shall apply:

      a.   "CERCLA" shall mean the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, as amended, 42 U.S.C. § 9601, *et seq*.

      b.   "Consent Decree" shall mean this Consent Decree and all appendices attached hereto.  In the event of conflict between this Consent Decree and any appendix, the Consent Decree shall control.

c. "Day" shall mean a calendar day. In computing any period of time under this Consent Decree, where the last day would fall on a Saturday, Sunday, or federal holiday, the period shall run until the close of business of the next working day.

d. "DOJ" shall mean the United States Department of Justice and any successor departments, agencies or instrumentalities of the United States.

e. "Effective Date" means the date the Court signs this Consent Decree.

f. "EPA" shall mean the United States Environmental Protection Agency and any successor departments, agencies or instrumentalities of the United States.

g. "EPA Hazardous Substance Superfund" shall mean the Hazardous Substance Superfund established by the Internal Revenue Code, 26 U.S.C. § 9507.

h. "Interest" shall mean interest at the rate specified for interest on investments of the EPA Hazardous Substance Superfund established by 26 U.S.C. § 9507, compounded annually on October 1 of each year, in accordance with 42 U.S.C. § 9607(a). The applicable rate of interest shall be the rate in effect at the time the interest accrues. The rate of interest is subject to change on October 1 of each year.

i. "Paragraph" shall mean a portion of this Consent Decree identified by an Arabic numeral or an upper or lower case letter.

j. "Parties" shall mean the United States and Settling Defendant.

k. "Past Response Costs" shall mean all costs, including but not limited to direct and indirect costs, that EPA or DOJ on behalf of EPA has paid at or in connection with the Site through June 30, 2006, plus accrued Interest on all such costs through such date.

l. "Plaintiff" shall mean the United States.

m.  "Section" shall mean a portion of this Consent Decree identified by a Roman numeral.

n.  "Settling Defendant" shall mean Flowserve Corporation, f/k/a Worcester Controls (a/k/a Worcester McCanna).

o.  "Site" shall mean the Industrial Pollution Control Superfund Site, encompassing approximately 1.85 acres, located at 810 Poindexter, Jackson, Hinds County, Mississippi and generally shown on the map attached as Appendix A.

p.  "United States" shall mean the United States of America, including its departments, agencies and instrumentalities.

## V.  PAYMENT OF RESPONSE COSTS

4.  Payment of Past Response Costs to EPA.  Within 30 days of the Effective Date of this Consent Decree, Settling Defendant shall pay to EPA $50,000.00 in reimbursement of Past Response Costs.

5.  Payment by Settling Defendant shall be made by FedWire Electronic Funds Transfer ("EFT") to the U.S. Department of Justice account in accordance with EFT instructions previously provided to Settling Defendant by the Financial Litigation Unit of the U.S. Attorney's Office in the Southern District of Mississippi, referencing USAO File Number 2006Z00158.

6.  At the time of payment, Settling Defendant shall also send notice that payment has been made to EPA and DOJ in accordance with Section XII (Notices and Submissions).  Such notice shall reference the EPA Region and Site/Spill Identification Number A4N1, DOJ case number 90-11-3-06625/5, and the civil action number.

7.  The total amount to be paid by Settling Defendant pursuant to

Paragraph 4 shall be deposited in the EPA Hazardous Substance Superfund.

## VI.  **FAILURE TO COMPLY WITH CONSENT DECREE**

8.  Interest on Late Payments.  If Settling Defendant fails to make  payment under Paragraph 4 (Payment of Response Costs) by the required due date, Interest shall accrue on the unpaid balance through the date of payment.

9.  Stipulated Penalty.

a.  If any amounts due under Paragraph 4 are not paid by the required date, Settling Defendant shall be in violation of this Consent Decree and shall pay to EPA, as a stipulated penalty, in addition to the Interest required by Paragraph 8, $ 500 per violation per day that such payment is late.

b.  Stipulated penalties are due and payable within 30 days of the date of the demand for payment of the penalties by EPA.  All payments to EPA under this Paragraph shall be identified as "stipulated penalties" and shall be made by certified or cashier's check made payable to "EPA Hazardous Substance Superfund."  The check, or a letter accompanying the check, shall reference the name and address of the party(ies) making payment, the Site name, the EPA Region and Site Spill ID Number A4N1, DOJ Case Number 90-11-3-06625/5, and the civil action number.  Settling Defendant shall send the check (and any accompanying letter) to:

U.S. Environmental Protection Agency
P.O. Box 371099M
Pittsburgh, PA 15251

c. At the time of each payment, Settling Defendant shall also send notice that payment has been made to EPA and DOJ in accordance with Section XII (Notices and Submissions). Such notice shall reference the EPA Region and Site/Spill ID Number A4N1, DOJ Case Number 90-11-3-06625/5, and the civil action number.

d. Penalties shall accrue as provided in this Paragraph regardless of whether EPA has notified Settling Defendant of the violation or made a demand for payment, but need only be paid upon demand. All penalties shall begin to accrue on the day after payment is due and shall continue to accrue through the date of payment. Nothing herein shall prevent the simultaneous accrual of separate penalties for separate violations of this Consent Decree.

10. If the United States brings an action to enforce this Consent Decree, Settling Defendant shall reimburse the United States for its costs in bringing such action.

11. Payments made under this Section shall be in addition to any other remedies or sanctions available to Plaintiff by virtue of Settling Defendant's failure to comply with the requirements of this Consent Decree.

12. Notwithstanding any other provision of this Section, the United States may, in its unreviewable discretion, waive payment of any portion of the stipulated penalties that have accrued pursuant to this Consent Decree. Payment of stipulated penalties shall not excuse Settling Defendant from payment as required by Section V or from performance of any other requirements of this Consent Decree.

## VII. <u>COVENANT NOT TO SUE BY PLAINTIFF</u>

13. <u>Covenant Not to Sue by United States</u>. Except as specifically provided in Section VIII (Reservation of Rights by United States), the United States covenants not to sue or to take

administrative action against Settling Defendant pursuant to Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), to recover Past Response Costs. This covenant not to sue shall take effect upon receipt by EPA of all payments required by Section V, Paragraph 4 (Payment of Response Costs) and any amount due under Section VI (Failure to Comply with Consent Decree). This covenant not to sue is conditioned upon the satisfactory performance by Settling Defendant of its obligations under this Consent Decree. This covenant not to sue extends only to Settling Defendant and does not extend to any other person.

## VIII.  <u>RESERVATIONS OF RIGHTS BY UNITED STATES</u>

14. The United States reserves, and this Consent Decree is without prejudice to, all rights against Settling Defendant with respect to all matters not expressly included within the Covenant Not to Sue by Plaintiff in Paragraph 13. Notwithstanding any other provision of this Consent Decree, the United States reserves all rights against Setting Defendant with respect to:

a.  liability for failure of Settling Defendant to meet a requirement of this Consent Decree;

b.  liability for costs incurred or to be incurred by the United States that are not within the definition of Past Response Costs;

c.  liability for injunctive relief or administrative order enforcement under Section 106 of CERCLA, 42 U.S.C. § 9606;

d.  criminal liability; and

e.  liability for damages for injury to, destruction of, or loss of natural resources, and for the costs of any natural resource damage assessments.

## IX. <u>COVENANT NOT TO SUE BY SETTLING DEFENDANT</u>

15.  Settling Defendant covenants not to sue and agrees not to assert any claims or causes of action against the United States, or its contractors or employees, with respect to Past Response Costs or this Consent Decree, including but not limited to:

a.  any direct or indirect claim for reimbursement from the Hazardous Substance Superfund based on Sections 106(b)(2), 107, 111, 112, or 113 of CERCLA, 42 U.S.C. §§ 9606(b)(2), 9607, 9611, 9612, or 9613, or any other provision of law;

b.  any claim arising out of the response actions at the Site for which the Past Response Costs were incurred, including any claim under the United States Constitution, the Tucker Act, 28 U.S.C. § 1491, the Equal Access to Justice Act, 28 U.S.C. § 2412, as amended, or at common law; or

c.  any claim against the United States pursuant to Sections 107 and 113 of CERCLA, 42 U.S.C. §§ 9607 and 9613, relating to Past Response Costs.

16.  Nothing in this Consent Decree shall be deemed to constitute approval or preauthorization of a claim within the meaning of Section 111 of CERCLA, 42 U.S.C. § 9611, or 40 C.F.R. 300.700(d).

17.  Settling Defendant agrees not to assert any claims, and to waive all claims or causes of action that it may have for Past Response Costs relating to the Site, including contribution, against those persons where both of the following items (a) and (b) are met:  (a) the liability of that person to the Settling Defendant with respect to the Site is based solely on having arranged for disposal or treatment, or for transport for disposal or treatment, of hazardous substances at the Site, or having accepted for transport for disposal or treatment of hazardous substances at the Site, and (b) where the volume actually disposed of or transported was less than 4,000 gallons.  This covenant by the Settling Defendant does not apply to, and the Settling Defendant reserves all rights, claims and causes of action

that it may have against any and all other persons who may be responsible for response costs with respect to this Site.

18.   The waiver in Paragraph 17 shall not apply with respect to any defense, claim, or cause of action that the Settling Defendant may have against any person meeting the above criteria if such person asserts a claim or cause of action relating to the Site against the Settling Defendant.  This waiver also shall not apply to any claim or cause of action against any person meeting the above criteria if EPA determines:

a.   that such person has failed to comply with any EPA requests for information or administrative subpoenas issued pursuant to Section 104(e) or 122(e) of CERCLA, 42 U.S.C. §§ 9604(e) or 9622(e), or Section 3007 of the Solid Waste Disposal Act (also known as the Resource Conservation and Recovery Act or "RCRA"), 42 U.S.C. § 6927, or has impeded or is impeding, through action or inaction, the performance of a response action or natural resource restoration with respect to the Site, or has been convicted of a criminal violation for the conduct to which this waiver would apply and that conviction has not been vitiated on appeal or otherwise; or

b.   that the materials containing hazardous substances contributed to the Site by such person have contributed significantly, or could contribute significantly, either individually or in the aggregate, to the cost of response action or natural resource restoration at the Site.

## X.   EFFECT OF SETTLEMENT/CONTRIBUTION PROTECTION

19.   Except as provided in Paragraphs 17 and 18 nothing in this Consent Decree shall be construed to create any rights in, or grant any cause of action to, any person not a Party to this Consent Decree.  Except as provided in Paragraphs 17 and 18, the Parties expressly reserve any and all rights (including, but not limited to, any right to contribution), defenses, claims, demands, and causes of

action that they may have with respect to any matter, transaction, or occurrence relating in any way to the Site against any person not a Party hereto.

20. The Parties agree, and by entering this Consent Decree this Court finds, that Settling Defendant is entitled, as of the date of entry of this Consent Decree, to protection from contribution actions or claims as provided by Section 113(f)(2) of CERCLA, 42 U.S.C. § 9613(f)(2), for "matters addressed" in this Consent Decree. The "matters addressed" in this Consent Decree are Past Response Costs.

21. Settling Defendant agrees that, with respect to any suit or claim for contribution brought by it for matters related to this Consent Decree, it will notify EPA and DOJ in writing no later than 60 days prior to the initiation of such suit or claim. Settling Defendant also agrees that, with respect to any suit or claim for contribution brought against it for matters related to this Consent Decree, it will notify EPA and DOJ in writing within 20 days of service of the complaint or claim upon it. In addition, Settling Defendant shall notify EPA and DOJ within 20 days of service or receipt of any Motion for Summary Judgment, and within 20 days of receipt of any order from a court setting a case for trial, for matters related to this Consent Decree.

22. In any subsequent administrative or judicial proceeding initiated by the United States for injunctive relief, recovery of response costs, or other relief relating to the Site, Settling Defendant shall not assert, and may not maintain, any defense or claim based upon the principles of waiver, *res judicata*, collateral estoppel, issue preclusion, claim-splitting, or other defenses based upon any contention that the claims raised by the United States in the subsequent proceeding were or should have been brought in the instant case; provided, however, that nothing in this Paragraph affects the enforceability of the Covenant Not to Sue set forth in Section VII.

# XI.  RETENTION OF RECORDS

23.  Until 5 years after the entry of this Consent Decree, Settling Defendant shall preserve and retain all records, reports, or information (hereinafter referred to as "records") now in its possession or control, or which come into its possession or control, that relate in any manner to response actions taken at the Site or the liability of any person under CERCLA with respect to the Site, regardless of any corporate retention policy to the contrary.

24.  Settling Defendant hereby certifies that, to the best of its knowledge and belief, after thorough inquiry, it has not altered, mutilated, discarded, destroyed or otherwise disposed of any records, reports, or information relating to its potential liability regarding the Site since notification of potential liability by the United States or the State or the filing of suit against it regarding the Site and that it has fully complied with any and all EPA requests for information pursuant to Sections 104(e) and 122(e) of CERCLA, 42 U.S.C. §§ 9604(e) and 9622(e), and Section 3007 of RCRA, 42 U.S.C. § 6972.

# XII.  NOTICES AND SUBMISSIONS

25.  Whenever, under the terms of this Consent Decree, notice is required to be given or a document is required to be sent by one party to another, it shall be directed to the individuals at the addresses specified below, unless those individuals or their successors give notice of a change to the other Parties in writing.  Written notice as specified herein shall constitute complete satisfaction of any written notice requirement of the Consent Decree with respect to the EPA, DOJ, and Settling Defendant, respectively.

As to EPA:

Matthew L. Hicks
Associate Regional Counsel
U.S. EPA, Region 4
61 Forsyth Street, S.W.
Atlanta, GA 30303


As to DOJ:

Chief, Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice (DJ # 90-11-3-06625/5)
P.O. Box 7611
Washington, D.C.  20044-7611


As to Settling Defendants:

Robert L. Roberts, Jr.
Associate General Counsel
Flowserve Corporation
Legal Department, Suite 2300
5215 N. O'Connor Boulevard
Irving, TX 75039


## XIII.  RETENTION OF JURISDICTION

26.  This Court shall retain jurisdiction over this matter for the purpose of interpreting and enforcing the terms of this Consent Decree.

## XIV.  INTEGRATION

27.    This Consent Decree constitutes the final, complete and exclusive agreement and understanding among the Defendant with respect to the settlement embodied in this Consent Decree. The Parties acknowledge that there are no representations, agreements or understandings relating to the settlement other than those expressly contained in this Consent Decree.

## XV.  LODGING AND OPPORTUNITY FOR PUBLIC COMMENT

28.  This Consent Decree shall be lodged with the Court for a period of not less than 30 days for public notice and comment.  The United States reserves the right to withdraw or withhold its consent if the comments regarding the Consent Decree disclose facts or considerations which indicate that this Consent Decree is inappropriate, improper, or inadequate.  Settling Defendant consents to the entry of this Consent Decree without further notice.

29.  If for any reason this Court should decline to approve this Consent Decree in the form presented, this agreement is voidable at the sole discretion of any party and the terms of the agreement may not be used as evidence in any litigation between the Parties.

## XVI.  SIGNATORIES/SERVICE

30.  The undersigned representative of Settling Defendant and the Deputy Chief of the Environmental Enforcement Section of the United States Department of Justice certifies that he or she is authorized to enter into the terms and conditions of this Consent Decree and to execute and bind legally such Party to this document.

31.  Settling Defendant hereby agrees not to oppose entry of this Consent Decree by this Court or to challenge any provision of this Consent Decree, unless the United States has notified Settling Defendant in writing that it no longer supports entry of the Consent Decree.

32.  Settling Defendant shall identify, on the attached signature page, the name and address of an agent who is authorized to accept service of process by mail on behalf of that Party with respect to all matters arising under or relating to this Consent Decree.   Settling Defendant hereby agrees to accept service in that manner and to waive the formal service requirements set forth in Rule 4 of the Federal Rules of Civil Procedure and any applicable local rules of this Court, including but not limited to, service of a summons.

## XVII.  FINAL JUDGMENT

33.  Upon approval and entry of this Consent Decree by the Court, this Consent Decree shall constitute the final judgment between and among the United States and the Settling Defendant.  The Court finds that there is no just reason for delay and therefore enters this judgment as a final judgment under Fed. R. Civ. P. 54 and 58.

SO ORDERED THIS 27th  DAY OF March, 2007 .

**s/ HENRY T. WINGATE**

_____
United States District Judge

THE UNDERSIGNED PARTIES enter into this Consent Decree in the matter of <u>United States v.</u> <u>Ferguson Harbor Service, Inc., et al</u>, Civil No. 3:03cv1266 (S.D. Miss.), relating to the Industrial Pollution Control  Superfund Site.


                                        FOR THE UNITED STATES OF AMERICA


Date: ___9/15/2006__              _____/s/_____
                                        ELLEN M. MAHAN
                                        Deputy Chief
                                        Environmental Enforcement Section
                                        Environment and Natural Resources Division
                                        U.S. Department of Justice
                                        Washington, D.C.  20530


                                        _____/s/_____
                                        KARL J. FINGERHOOD
                                        Trial Attorney
                                        Environmental Enforcement Section
                                        Environment and Natural Resources Division
                                        U.S. Department of Justice
                                        P.O. Box 7611
                                        Washington, DC  20044-7611

_____/s/_____

ROSALIND BROWN
Chief, Superfund Enforcement and Information
Management Branch
Superfund Division
U.S. Environmental Protection Agency, Region 4
61 Forsyth Street, S.W.
Atlanta, GA 30303


_____/s/_____

MATTHEW L. HICKS
Associate Regional Counsel
U.S. EPA, Region 4
61 Forsyth Street, S.W.
Atlanta, GA 30303

THE UNDERSIGNED PARTY enters into this Consent Decree in the matter of <u>United States v.</u> <u>Ferguson Harbor Service, Inc., et al</u>, Civil No. 3:03cv1266 (S.D. Miss.), relating to the Industrial Pollution Control  Superfund Site.

FOR DEFENDANT FLOWSERVE CORPORATION

Date:    8/16/2006                          _____/s/_____
                                            Ronald F. Shuff,
                                            Vice President, Secretary, and General Counsel

Agent Authorized to Accept Service on Behalf of Above-signed Party:

Name:      Robert L. Roberts                

Title:    Associate General Counsel, Flowserve Corporation            

Address: 5215 N. O'Connor Blvd., Suite 2300
          Irving, TX 75039